UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HADEER SHAMOUN,<br><br>             Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>             Respondent. | Case No.: 3:20-cv-0909-BAS-JLB<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner Hadeer Shamoun, a state civil committee proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the requisite filing fee. Petitioner appears to challenge his continued confinement at Patton State Hospital after being found not guilty by reason of insanity in 1995.[1] (*See* "Pet.," ECF No. 1 at 2.)

**FAILURE TO NAME A PROPER RESPONDENT**

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as

---

[1] Civil commitments are typically challenged in habeas proceedings. *See Duncan v. Walker*, 533 U.S. 167, 176 (2001) (stating that a state court order of civil commitment satisfies section 2254's "in custody" requirement); *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139–40 (9th Cir. 2005) ("[D]etainees under an involuntary civil commitment scheme . . . may use a § 2254 habeas petition to challenge a term of confinement").

the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id*.

A proper named respondent in federal habeas proceedings is one who "has the power to order the petitioner's release." *Smith v. Idaho*, 392 F.3d 350, 355, n.3 (9th Cir. 2004). "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Rule 2(a), Rules Governing Proceedings under 28 U.S.C. § 2254. The warden is the typical respondent in habeas proceedings, however, "the rules following section 2254 do not specify the warden." *Id*. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id*. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long-standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named the "People of the State of California," as Respondent. Petitioner is currently confined by the Department of State Hospitals at Patton State Hospital. In order for this Court to entertain the Petition, Petitioner must name the state official in charge of the state facility in which he is presently confined or the Director of the Department of State Hospitals. *See Brittingham v. United States*, 982 F.2d 378, 379

(9th Cir. 1992) (per curiam).

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** this action without prejudice because Petitioner has failed to state a cognizable federal claim. To have this case reopened, Petitioner must, **no later July 31, 2020**, file a First Amended Petition that cures the pleading deficiencies set forth above. *A blank First Amended Petition is included with this Order for Petitioner's convenience.*

**IT IS SO ORDERED.**

**DATED: May 29, 2020**

Hon. Cynthia Bashant
United States District Judge