UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HADEER SHAMOUN,<br><br>                                Petitioner,<br>v.<br>STEPHANIE CLENDENIN, et al.,<br>                              Respondents. | Case No.: 20-cv-909-TWR (DEB)<br><br>**REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS** |

      This Report and Recommendation is submitted to United States District Judge Todd W. Robinson pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d)(4) and HC.2(a).

**I.    INTRODUCTION**

      On May 14, 2020, Petitioner Hadeer Shamoun filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The operative Second Amended Petition ("SAP") challenges the San Diego County Superior Court's May 18, 2018 denial of Shamoun's Application for Restoration of Sanity (San Diego County Superior Court Case No. ECR11141) as moot. Dkt. No. 8. On December 8, 2020, Respondent filed an Answer and lodged the state court record. Dkt. Nos. 11, 12. Shamoun did not file a Traverse.

      Upon consideration of the SAP, Response, and all supporting documents, the Court recommends **DENYING** the SAP.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. State Proceedings

On January 8, 1996, the San Diego County Superior Court found Shamoun not guilty by reason of insanity on four counts of arson of an inhabited structure. Dkt. Nos. 8 at 2; 12-6 at 14; 12-10 at 2.[1]

On February 21, 1996, the Superior Court committed Shamoun to Patton State Hospital for twenty-two (22) years. Dkt. No. 12-6 at 99. On August 27, 1999, the Superior Court discharged Shamoun into the conditional release program's ("CONREP") outpatient placement. *Id.* On July 16, 2003, the Superior Court revoked Shamoun's release because he violated the conditions of the CONREP. *Id.*

On or about November 22, 2010, Shamoun filed a petition for transfer back into the CONREP pursuant to California Penal Code § 1026.2. Dkt. No. 12-6 at 27. On March 27, 2013, the Superior Court granted the petition and discharged Shamoun from Patton State Hospital to the CONREP's outpatient placement. *Id.* at 48; Dkt. No. 12-10 at 2.

On June 8, 2016, Shamoun filed an Application for Restoration of Sanity under § 1026.2(e) and (f). Dkt. No. 12-3 at 6.[2] On October 4, 2016, the Superior Court held a trial

---

[1] The record does not contain charging documents, documents reflecting the Superior Court's finding Shamoun not guilty by reason of insanity, nor the original judgment. However, the parties do not dispute these facts. *See* Dkt. No. 12-5 at 3 n.2 ("[I]t is undisputed that Shamoun was committed to a state hospital after being found not guilty by reason of insanity of four counts of arson of an inhabited structure.").

[2] California Penal Code § 1026.2(e) sets out a two-step procedure for evaluating applications for restoration of sanity. *Barnes v. Super. Ct.*, 231 Cal. Rptr. 158, 160 (Cal. App. Ct. 1986). In the first step, following a hearing, if the court determines the applicant is no longer a danger to others while under supervision and treatment, the court must order the applicant to be placed in outpatient placement for one year. *Id.* In step two, at the end of the year, the court must have a trial to determine if sanity has been restored. Cal. Pen. Code § 1026.2(e). *Id.*

on Shamoun's Application. *Id.*; Dkt. No. 12-6 at 75. On October 5, 2016, the Superior Court denied the Application. Dkt. No. 12-6 at 77–78. Shamoun appealed. *See* Dkt. No. 12-3.

On May 24, 2017, while his appeal was pending, the Superior Court revoked Shamoun's outpatient placement at the CONREP's request. Dkt. No. 12-6 at 83. On November 29, 2017, the Superior Court ordered Shamoun returned to Patton State Hospital. *Id.* at 98.

On January 26, 2018, the Court of Appeal reversed and remanded the Superior Court's denial of Shamoun's Application for Restoration of Sanity. Dkt. No. 12-5 at 2, 29. The Court of Appeal found the prosecution's expert based her testimony on "case-specific facts that appear[ed] to have been premised on out-of-court statements of which [the expert] had no personal knowledge," and remanded the matter for a new trial. *Id.* at 24, 29.

On May 18, 2018, the Superior Court declined to hold a new trial because Shamoun's Application for Restoration of Sanity was mooted by the Superior Court's subsequent revocation of Shamoun's outpatient placement. Dkt. No. 12-7 at 22.

On September 11, 2018, Shamoun's counsel filed a *Dobson*[3] brief representing he "found no arguable issues to be pursued on appeal." Dkt. No. 12-8 at 7. On November 15, 2018, Shamoun filed a supplemental brief arguing the Superior Court's May 18, 2018 ruling was "illegal" because: (1) his November 29, 2017 outpatient placement revocation was unlawful; (2) he is a "victim of ineffective assistance of counsel" because his counsel ignored his verbal requests for a different judge at the May 18, 2018 hearing; (3) his outpatient placement revocation did not concern whether he was a danger to the community and, therefore, was irrelevant to a 1026.2(e) trial; (4) the Superior Court inappropriately relied on the District Attorney to make its May 18, 2018 decision; and (5) the Superior Court did not have "any authority to override the Higher Court's decision"

---

[3]  *People v. Dobson*, 75 Cal.Rptr.3d 238 (Cal. Ct. App. 2008).

remanding his case for a new trial. Dkt. No. 12-9 at 2–3. On November 27, 2018, the Court of Appeal dismissed Shamoun's appeal, finding that "no reasonably arguable issues have been raised by counsel or [Shamoun]" and affirmed the Superior Court's decision to not hold a new trial. Dkt. 12-10 at 4. On February 13, 2019, the California Supreme Court denied Shamoun's petition for review. Dkt. Nos. 12-11, 12-12.

### B. Federal Proceedings

On May 14, 2020, Shamoun filed his Petition in this case. Dkt. No. 1. On May 29, 2020, this Court dismissed the Petition with leave to amend because Shamoun failed to name a proper respondent. Dkt. No. 2.

On July 29, 2020, Shamoun filed a First Amended Petition ("FAP") naming Stephanie Clendenin, Warden, and Xavier Becerra, Attorney General, as respondents. Dkt. No. 4. The FAP raised two grounds for relief: (1) the Superior Court violated Shamoun's due process rights when it denied his application for restoration of sanity as moot; and (2) ineffective assistance of counsel. *Id.*

On August 11, 2020, the Court issued Shamoun a Notice Regarding Possible Dismissal of Petition because he did not exhaust his state court remedies for the ineffective assistance of counsel claim. Dkt. No. 5. On October 8, 2020, Shamoun filed a SAP and a notice abandoning the unexhausted claim. Dkt. Nos. 7, 8.

On December 8, 2020, Respondents filed an Answer claiming the SAP does not state a cognizable claim for federal relief. Dkt. No. 11-1. Shamoun did not file a Traverse.

### III. STANDARD OF REVIEW

The SAP is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq*. Under the AEDPA, a federal court may not grant a habeas petition challenging any matter adjudicated on the merits by a state court unless that decision was: (1) contrary to or involved an unreasonable application of clearly established federal law; or (2) based on an unreasonable determination of the facts given the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d); *Schriro v. Landrigan*, 550 U.S. 465, 473–77 (2007).

4

20-cv-909-TWR (DEB)

"When interpreting state law, federal courts are bound by decisions of the state's highest court." *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 820 (9th Cir. 2018) (internal quotation omitted). Where there is no reasoned decision from the highest state court to which the claim was presented, the Court looks to the last reasoned state court decision and presumes it provides the basis for the higher court's unreasoned opinion denying a claim or claims. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).

"Where . . . the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). On habeas review, federal courts "presum[e] that state courts know and follow the law." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

## IV.  DISCUSSION

In his remaining claim, Shamoun contends the Superior Court erred by "over-rul[ing]" the Court of Appeal's remand for a restoration of sanity trial pursuant to § 1026.2. Dkt. No. 8 at 6. This claim, however, is not subject to federal habeas review.

Whether the Superior Court erroneously interpreted § 1026.2 is a question of state law and does not pose a federal question. Claims involving the interpretation or application of state law are not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (internal quotation omitted); *see also Wainwright v. Sykes*, 433 U.S. 72, 81 (1977) ("[I]t is a well-established principle of federalism that a state decision resting on an adequate foundation of state substantive law is immune from review in the federal courts."); *Ashley v. Matteucci*, No. 13-cv-00918-BLF (PR), 2015 WL 124538, at *10 (N.D. Cal. Jan. 6, 2015) ("To the extent that Petitioner is claiming that the state courts misapplied state law with respect to recommitment proceedings [pursuant to §1026.5], such a claim is no basis for relief in this Court."); *Stockman v. Foulk*, No. 9-cv-3453 MMC (PR), 2009 WL 3353296, at *4 (N.D. Cal. Oct. 19, 2009) ("[T]o the extent plaintiff is attempting to challenge the correctness of the state courts' decisions [determining plaintiff was not entitled to a restoration of sanity trial], no constitutionally cognizable claim is stated.").

Moreover, any due process challenge to the Superior Court's mootness finding and refusal to hold a new trial fails because the Superior Court's rulings were consistent with California law. *See Pulley v. Harris*, 465 U.S. 37, 41–42 (1984) (rejecting argument that an alleged state-law error was "sufficiently egregious" to amount to a federal due process violation where the state court did not depart from its own precedents); *Mendez v. Knowles*, 556 F.3d 757, 773–74 (9th Cir. 2009) (rejecting argument that an alleged deprivation of a "liberty interest" violated federal due process where the state courts complied with its own state-law procedures). The Superior Court interpreted § 1026.2 to require an applicant to hold outpatient placement at the time of the restoration of sanity trial and to have held such placement for one year prior to the trial. *See* Dkt. No. 12-7 at 22; Dkt. No. 12-10. This interpretation is consistent with both the statute and precedent. *See* Cal. Penal Code § 1026.2(e) (discussing the second step in the section 1026.2 release process is referred to as the restoration of sanity trial and can only be reached if the applicant has already met the threshold test for placement in "an appropriate forensic conditional release program."); *People v. Sword*, 34 Cal. Rptr. 2d 810, 813 (Cal. Ct. App. 1994) ("Outpatient status is a prerequisite to a finding that sanity has been restored.") (citing § 1026.2); *People v. Super. Ct. (Woods)*, 268 Cal. Rptr. 379, 380 (Ct. App. 1990) ("Since real party has never been an outpatient, respondent superior court is specifically barred by statute from proceeding directly to the issue of outright release.").

Finally, any challenge to the constitutionality of the California's statutory scheme governing the restoration of sanity would not entitle Shamoun to habeas relief because "the standards and procedures employed in the conditional release program do not sufficiently affect the duration of petitioner's confinement to subject them to federal habeas review." *Hartman v. Summers*, 878 F. Supp. 1335, 1349 (C.D. Cal. 1995), *aff'd*, 120 F.3d 157 (9th Cir. 1997). Accordingly, courts have rejected constitutional challenges to § 1026.2. *Id.* at 1344–47 (finding § 1026.2 did not violate the Equal Protection or Due Process Clauses of the Constitution); *People v. Sword*, 34 Cal. Rptr. 2d 810, 815 (Cal. Ct. App. 1994) ("We find no due process problem with the California procedure [in § 1026.2]."); *see generally*

*Jones v. United States*, 463 U.S. 354, 370 (1983) ("[W]hen a criminal defendant establishes . . . that he is not guilty of a crime by reason of insanity, the Constitution permits the Government . . . to confine him to a mental institution until such time as he has regained his sanity or is no longer a danger to himself or society.").

In sum, Shamoun is not entitled to habeas relief on his challenge to the Superior Court's May 18, 2018 denial of a trial on his Application for Restoration of Sanity. The Court, therefore, recommends denying Shamoun's Petition for Writ of Habeas Corpus.

## V.   CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) denying Shamoun's Petition for Writ of Habeas Corpus.

**IT IS ORDERED** that on or before **August 9, 2021**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties on or before **August 23, 2021**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated: July 19, 2021

_____
Honorable Daniel E. Butcher
United States Magistrate Judge