UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HADEER SHAMOUN,<br><br>         Petitioner,<br><br>v.<br><br>STEPHANIE CLENDENIN, et al.,<br><br>         Respondents. | Case No.: 20-CV-909 TWR (DEB)<br><br>**ORDER (1) OVERRULING PETITIONER'S OBJECTION, (2) ADOPTING REPORT & RECOMMENDATION, (3) DENYING SECOND AMENDED PETITION, AND (4) DENYING CERTIFICATE OF APPEALABILITY**<br><br>(ECF Nos. 8, 13, 14) |

Presently before the Court is the Petitioner Hadeer Shamoun's Second Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 ("SAP," ECF No. 8). Magistrate Judge Daniel E. Butcher has issued a Report and Recommendation ("R&R," ECF No. 13) recommending that the Court deny the Second Amended Petition, to which Petitioner has filed a timely Objection ("Obj.," ECF No. 14).[1]  Having carefully reviewed the Parties' arguments, Magistrate Judge Butcher's R&R, and the relevant law, the Court

///

---

[1] Respondents Stephanie Clendenin and Xavier Becerra declined to file a reply to Petitioner's Objection.

**OVERRULES** Petitioner's Objection, **ADOPTS** the R&R in its entirety, **DENIES** the Second Amended Petition, and **DENIES** Petitioner a Certificate of Appealability ("COA").

## BACKGROUND

Magistrate Judge Butcher's R&R contains a thorough and accurate recitation of the factual and procedural history underlying the instant Second Amended Petition. (*See* R&R at 2–4.)  This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

When a magistrate judge issues a report and recommendation on a motion pending before a district court judge, the district court must "make a de novo determination of those portion of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).  But "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis in original) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

## ANALYSIS

Magistrate Judge Butcher recommends dismissing Petitioner's sole claim based on the Superior Court's "over-rul[ing]" the Court of Appeal's remand for a restoration of sanity trial pursuant to California Penal Code section 1026.2 on the grounds that Petitioner's claim is not subject to federal habeas review. (*See* R&R at 5–7.)  Petitioner objects "because [he] feel[s] that [his] due process rights [were] violated by [the] Superior Court of San Diego" when it "denied [his] rights to a trial that was ordered by the appellate court." (Obj. at 1.)  Petitioner's Objection is improper because it fails to "specifically identify those findings or recommendations to which objections are being made" and

merely rehashes Petitioner's prior arguments. *See Kenniston v. McDonald*, No. 15-CV-2724-AJB-BGS, 2019 WL 2579965, at *8 (S.D. Cal. June 24, 2019) (concluding that "general objections" merely rehashing arguments presented to the magistrate judge were improper); *see also, e.g.*, *Arido-Sorro v. Ryan*, No. CIV18219TUCCKJJR, 2020 WL 95478, at *3 (D. Ariz. Jan. 8, 2020) (reviewing report and recommendation for clearly erroneous conclusions where the petitioner failed to make any specific objections to the R&R), *certificate of appealability denied*, No. 20-15098, 2020 WL 4197031 (9th Cir. June 11, 2020), *cert. denied*, 141 S. Ct. 570 (2020). In any event, Magistrate Judge Butcher specifically addressed this argument in his R&R, concluding that "any due process challenge to the Superior Court's mootness finding and refusal to hold a new trial fails because the Superior Court's rulings were consistent with California law." (*See* R&R at 6 (citing *Pulley v. Harris*, 465 U.S. 37, 41–42 (1984); *Mendez v. Knowles*, 556 F.3d 757, 773–74 (9th Cir. 2009); *People v. Sword*, 29 Cal. App. 4th 614, 620 (1994); *People v. Super. Ct. (Woods)*, 219 Cal. App. 3d 614, 617 (1990)).) Even on *de novo* review, the Court agrees with Magistrate Judge Butcher's reasoning and recommendation regarding Petitioner's due process argument.

Having reviewed the R&R in its entirety, the Court finds that it is thorough, well-reasoned, and contains no clear error. The Court therefore **OVERRULES** Petitioner's Objection, **ADOPTS** Magistrate Judge Butcher's R&R in its entirety, and **DENIES** Petitioner's Second Amended Petition.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" except where "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has further explained: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a

certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because the Court finds that no reasonable jurist would find it debatable whether the Court was correct in its determination that Petitioner is not entitled to federal habeas corpus relief, the questions presented by the Second Amended Petition do not warrant further proceedings. The Court therefore **DENIES** a COA.

## CONCLUSION

In light of the foregoing, the Court **OVERRULES** Petitioner's Objection (ECF No. 14), **ADOPTS** Magistrate Judge Butcher's R&R in its entirety (ECF No. 13), **DENIES** Petitioner's Second Amended Petition (ECF No. 8), and **DENIES** Petitioner a Certificate of Appealability.

**IT IS SO ORDERED.**

Dated: August 31, 2021

Honorable Todd W. Robinson
United States District Court